STATE OF NEW JERSEY, PLAINTIFF, v.
EDWARD BOZEYOWSKI, DEFENDANT.

Essex County Court
Law Division—Criminal

Decided February 6, 1970

*Mr. Raymond R. Connell,* Assistant Prosecutor, appeared for plaintiff (*Mr. Joseph P. Lordi,* Prosecutor of Essex County, attorney).

*Mr. Robert T. Winter,* Assistant Deputy Public Defender, appeared for defendant (*Mr. Stanley C. Van Ness,* State Public Defender, attorney).

CAMARATA, J. S. C. Defendant was tried and convicted by a jury on October 29, 1969 on an indictment charging him with possession of one deck of heroin. On November 26, 1969 defendant was sentenced to New Jersey State Prison for not more than seven and not less than five years and also fined $25.

On February 11, 1965 and on October 1, 1967 defendant had been found guilty of possession of narcotics.

In connection with the third conviction on October 29, 1969, no accusation was presented charging him as an habitual offender, as a second or third offender under *N. J. S.* 2A:85–13. See also *State v. Taylor,* 72 *N. J. Super.* 388 (Cty. Ct. 1962); *State v. Tyler,* 88 *N. J. Super.* 396 (App. Div. 1965), *cert.* den. 384 *U. S.* 992, 86 S. Ct. 1898, 16 L. Ed. 2d 1008 (1966); *State v. Washington,* 47 *N. J.* 244 (1966).

When defendant was sentenced on November 26, 1969 he admitted the two previous convictions and acknowledged that the offense for which he was about to be sentenced was his third offense under *N. J. S. A.* 24:18–47.

The trial judge said he would not consider defendant a **third offender because no accusation had been** presented. *State v. Taylor, supra.*

Defendant now moves for a reduction or suspension of the sentence imposed on November 26, 1969 and requests that he

be placed on probation, relying on *N. J. S. A.* 2A:168-1, which, in pertinent part, provides:

The provisions of this section shall not permit the suspension of the imposition or execution of any sentence and the placing of the defendant on probation after conviction or after a plea of guilty or non vult for violation of any provision of chapter eighteen of *Title 24 of the Revised Statutes except in the case of a first offender.* [emphasis added]

Does *N. J. S.* 2A:168-1 bar the applicability of the provisions of the Habitual Offender's Act, *N. J. S. A.* 2A:85-13, and the fundamental common law principle that in penal proceedings a defendant must be clearly informed of any fact which may enhance or increase the punishment. The court has not been referred to a New Jersey case exactly in point.

In *State v. Laird*, 25 *N. J.* 298 (1957), the court stated:

The basic rule is that where the repetition of criminal action renders the accused liable to *different and greater punishment*, the subsequent offense is treated as a first offense *unless* the earlier crimes are included in the specification of the offense laid and proved on the trial. * * * The *procedure is rooted in the fundamental common-law* principle that in penal proceedings the accused shall be clearly informed of the charge he is called upon to meet; and this of necessity involves the *elements* of aggravation which under the statute enlarged the grade of the crime by *enhancing the punishment.* [Emphasis added]

Note the words, *"different and greater punishment * * * and enhancing the punishment."*

A substantial right of the defendant is involved here, namely, whether defendant is to receive a suspended sentence, placed on probation or receive a custodial sentence. A custodial sentence is a greater punishment than a suspended sentence or a term of probation.

To adopt the view that *N. J. S. A.* 2A:168-1, prohibits the imposition of a suspended sentence where a defendant, as here, is a third offender, means that defendant would be

deprived of his liberty and sentenced to jail. In *State v. Tyler, supra,* the court stated:

As basic fairness requires that a multiple narcotics offender be afforded *the same protection on sentencing* as any other multiple offender convicted of a misdemeanor, it would follow logically that the accusation procedure outlined in *N. J. S.* 2A:85–13 *should apply ordinarily,* in the course of administering justice, to the sentencing of a second or third offender under the Narcotics Drug Act, *N. J. S. A.* 24:18–47 [at 402; emphasis added]

■ The failure to give defendant notice and an opportunity to be heard as to whether he is a second or third offender violates the due process of law. That opportunity should be afforded him.

■ Penal laws are to be strictly construed against the State. The law favors the liberty of individuals. *State v. Moretti,* 50 *N. J. Super.* 223 (*App. Div.* 1958).

■ The court concludes that basic fairness dictates that the provisions of the Habitual Offender's Act, *N. J. S. A.* 2A:85–13, and the common law principle and the rationale of the cases cited *supra,* apply to *N. J. S. A.* 2A:168–1.

Absent an accusation against the defendant supplied to him prior to his sentence on November 26, 1969 — that the offense of which he was found guilty on October 29, 1969 was a third one — the conviction on October 29, 1969 must be treated as a first offense and the court may exercise its discretion and may impose a prison term and suspend the sentence, or impose a term of probation.

The presentence investigation will be continued. Counsel will be further advised of what reduction or modification, if any, will be made in the sentence.